IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

TIMOTHY S. AKINS PLAINTIFF

v. CIVIL NO. 26-3002

FRANK BISIGNANO, Commissioner
Social Security Administration DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Timothy S. Akins, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Title II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I. Procedural Background:**

Plaintiff protectively filed his current applications for DIB and SSI on December 28, 2021, and February 23, 2022, respectively, alleging an inability to work since April 1, 2018,[1] due to depression, post-traumatic stress disorder, bipolar disorder, arthritis, fibromyalgia, anxiety and chronic pain. (Tr. 165, 415, 421). For DIB purposes, Plaintiff maintained insured status through

[1] Plaintiff's alleged onset date was amended to September 14, 2019. (Tr. 118).

March 31, 2023. (Tr. 47, 435). An administrative video hearing was held on August 17, 2023, at which Plaintiff appeared with counsel and testified. (Tr. 44-94).

In a written decision dated November 30, 2023, the ALJ determined Plaintiff retained the residual functional capacity (RFC) to perform sedentary work with limitations. (Tr. 214-228). On August 21, 2024, the Appeals Council vacated the ALJ's decision dated November 30, 2023, and remanded Plaintiff's case back to the ALJ to issue a new decision. (Tr. 235-238). A supplemental video hearing was held on February 5, 2025, at which Plaintiff appeared with counsel and testified. (Tr. 95-131).

By written decision dated May 9, 2025, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 20). Specifically, the ALJ found Plaintiff had the following severe impairments: fibromyalgia, chronic pain syndrome, degenerative disc disease of the cervical spine, mild degenerative joint disease of the knees, a left foot fracture and surgery, left foot osteopenia, depression, anxiety, post-traumatic stress disorder and headaches. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 21-22). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> [P]erform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except the claimant cannot climb ladders, ropes, scaffolds or work at unprotected heights. The claimant can occasionally climb ramps, stairs, stoop, kneel, crouch and crawl. The claimant cannot work with vibrations or foot controls. The claimant is limited to office level noise (3) moderate and no bright sunlight. The claimant can understand, remember and carry out simple, routine, repetitive tasks; respond to usual work situations and routine work changes; engage in occasional social interaction with the general public. The claimant must use a cane to walk.

(Tr. 24). With the help of a vocational expert, the ALJ determined Plaintiff could perform work as a document preparer, a ticket checker, and an addresser. (Tr. 34-35).

Plaintiff then requested a review of the hearing decision by the Appeals Council, who denied that request on December 5, 2025. (Tr. 1-6). Subsequently, Plaintiff filed this action. (ECF No. 2). This case is before the undersigned pursuant to the consent of the parties. (ECF No. 6). Both parties have filed appeal briefs, and the case is now ready for decision. (ECF Nos. 10, 11).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

## II. Applicable Law:

The Court reviews "the ALJ's decision to deny disability insurance benefits *de novo* to ensure that there was no legal error that the findings of fact are supported by substantial evidence on the record as a whole." *Brown v. Colvin,* 825 F. 3d 936, 939 (8th Cir. 2016). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019). We must affirm the ALJ's decision if the record contains substantial evidence to support it. *Lawson v. Colvin*, 807 F.3d 962, 964 (8th Cir. 2015). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, we must affirm the ALJ's decision. *Id.*

It is well established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. § 423(d)(1)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. *See* 20 C.F.R. §§ 404.1520, 416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his residual functional capacity. *Id*.

**III. Discussion:**

Of particular concern to the undersigned is the ALJ's RFC determination. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. *Id*. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of his limitations. *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005); *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th

Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." *Id.*

In the present case, the ALJ determined that Plaintiff maintained the RFC to perform sedentary work with limitations. After reviewing the record, the Court is troubled by the ALJ's finding regarding Plaintiff's upper extremity limitations. On March 15, 2025, Plaintiff underwent a consultative physical examination performed by Dr. Kenneth Holder. (Tr. 1157-1161). With respect to Plaintiff extremities, Dr. Holder noted Plaintiff had decreased muscle strength, bilaterally, decreased range of motion in his shoulders and wrists, bilaterally, a five pound grip strength in his right hand, and fifty-five pound grip strength in his left hand. Based on the examination of Plaintiff, Dr. Holder diagnosed Plaintiff with bilateral wrist and shoulder pain and opined Plaintiff had moderate to severe limitations with grasping and reaching overhead. While the ALJ found Dr. Holder's opinion to be generally persuasive and discussed the upper extremity limitations above, she found that Dr. Holder stated Plaintiff had a fifty-one pound grip strength in the right hand and declined to give hand and wrist limitations because there was no objective evidence – such as EMG/NCS and imaging- to support these limitations. (Tr. 32). Dr. Holder clearly indicated that Plaintiff's grip strength in his right hand was weak at five not fifty-one pounds. (Tr. 1160). The ALJ's additional explanation for not including hand and wrist limitations

was that Plaintiff, who is right-hand dominant and needs to use a cane, testified that he has accommodated by using his left hand more for tasks such as starting a car, therefore no hand or wrist limitations were warranted. (Tr. 32). This finding is internally inconsistent. After reviewing the record, the Court finds remand necessary for the ALJ to more fully and fairly develop the record with respect to Plaintiff's upper extremity impairments.

With this evidence, the ALJ should then re-evaluate Plaintiff's RFC and specifically list in a hypothetical to a vocational expert any limitations that are indicated in the RFC assessment and supported by the evidence.

**IV. Conclusion:**

Accordingly, the Court concludes that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the Plaintiff should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 29th day of October 2026.

/s/ Christy Comstock
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE